**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **McCOLLOUGH ENTERPRISES, LLC,** *et al.*, ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **CIVIL ACTION 09-0573-WS-B** |
| **MARVIN WINDOWS, INC.,** ) ) | |
| **Defendant.** ) | |

**ORDER**

This twice-removed action comes before the Court on plaintiffs' Motion for Remand
(doc. 4).  The Motion has been briefed and is ripe for disposition.

**I.      Background.**

This case arises from a commercial dispute between plaintiffs, McCollough Enterprises,
LLC and Dr. E. Gaylon McCollough (collectively, "McCollough"), and defendant, Marvin
Windows & Doors ("Marvin"), concerning allegedly defective windows supplied by Marvin to
McCollough.  In April 2009, McCollough filed suit against Marvin in the Circuit Court of
Baldwin County, Alabama, asserting state-law causes of action for breach of contract, breach of
warranty, and fraud relating to those windows.

Marvin promptly removed the case to this District Court, where it was assigned Civil No.
09-0310-WS-B.  In its Notice of Removal, Marvin contended that federal subject matter
jurisdiction was proper pursuant to 28 U.S.C. § 1332 because there was diversity of citizenship
between the parties and the amount in controversy exceeded $75,000.  This Court *sua sponte*
raised jurisdictional concerns relating specifically to the amount in controversy.  On July 20,
2009, after allowing both sides to be heard, the undersigned remanded the case to state court for
lack of jurisdiction, thereby terminating Civil No. 09-0310-WS-B.  In so doing, this Court
recognized that plaintiffs' possible categories of compensatory damages consisted of the cost of
replacement windows (approximately $56,000) and the cost of removing the defective windows

and installing the new windows (a figure that plaintiffs pegged at approximately $58,000, although Marvin suggested it was far lower). Thus, McCollough's claimed compensatory damages satisfied the § 1332 jurisdictional threshold if both categories of damages were included, but did not if either category were omitted. McCollough expressly denied that it was suing Marvin for the cost of replacement windows, but indicated that the compensatory damages sought were limited to the cost of removing existing windows and installing replacements. As such, the Court concluded that the amount in controversy based on compensatory damages was no more than $58,000, and that the total amount in controversy was below the jurisdictional minimum. On that basis, the case was remanded to state court, with the proviso that "having admitted that they are not suing for the cost of the replacement windows, the plaintiffs will not be able to recover such damages in this action even should the defendant ... refuse to provide the windows. And of course, ***should the plaintiffs attempt to recover the cost of the replacement windows in state court, the defendant may again seek removal.***" (Civil No. 09-0310-WS-B, doc. 11, at 4 n.3 (emphasis added).) These words proved prophetic.

On August 25, 2009, scarcely a month after remand, McCollough filed a Motion to Enforce Partial Settlement in state court, asserting that the parties had reached a settlement regarding replacement windows prior to the inception of litigation and that Marvin had since reneged on its promise to provide replacement windows. At that time, McCollough asked the state court to "enter an Order enforcing the partial settlement," meaning that plaintiffs wanted the state court to order Marvin to furnish replacement windows to McCollough pursuant to the purported settlement. (Doc. 6, Exh. F.) Upon notice of this filing, Marvin removed the action to this District Court again, contending that the jurisdictional amount was now satisfied because plaintiffs' Motion to Enforce Partial Settlement "made it apparent they are seeking to recover replacement windows which cost approximately $56,685, in addition to the cost of removing the existing windows and installing the replacements which Plaintiffs have alleged range between $54,000 to $58,000, thus placing the total amount in controversy at approximately $110,685 to $114,685, exclusive of interest and costs." (Doc. 1, ¶ 3.)

Plaintiffs now once again ask to have this action remanded to state court for want of subject matter jurisdiction, reasoning that "[w]hether or not Defendant will provide new windows has not ever been, and is not now, an issue in this litigation" because "Defendants

always agreed to provide replacement product and Plaintiffs always agreed to accept the replacement windows."  (Doc. 4, ¶¶ 9, 11.)

**II.    Analysis.**

> ### *A.        Legal Standard for Motion to Remand.*

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction.  *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists") (citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction).[1]

There being no federal question presented in the Complaint, Marvin predicated removal solely on diversity of citizenship.  Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000) (to qualify for diversity jurisdiction, complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000"); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (similar).  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255,

---

[1]        *See also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345 (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

1268 (11th Cir. 2000) (citations omitted).

**B.     *The Amount in Controversy.***

As with the previous removal of this dispute, the jurisdictional issue presented here turns on a single narrow inquiry, to-wit: whether the amount in controversy in this action includes the cost of replacement windows.  If so, then diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332 and the Motion to Remand should be denied.  If not, then diversity jurisdiction is lacking because the $75,000 amount in controversy requirement is not satisfied, and the Motion to Remand should be granted.  No other objections to removal have been asserted by McCollough.[2]

It is well established that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  "A removing defendant can discharge this burden by presenting sufficient evidence that a verdict rendered in favor of the plaintiff would exceed $75,000."  *Holman v. Montage Group*, 79 F. Supp.2d 1328, 1330 (S.D. Ala. 1999).[3]  The *Lowery* court explained that a district court must

---

[2]     Plaintiffs do not contest, for example, defendant's contention that the Motion to Enforce Partial Settlement qualifies as "other paper" triggering the 30-day window for removal pursuant to 28 U.S.C. § 1446(b).  At any rate, the Court is satisfied that the Motion constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  Plaintiffs' Motion to Enforce Partial Settlement was the first indication Marvin had that McCollough was asking the state court to order Marvin to provide replacement windows; therefore, it marked the first time Marvin could reasonably have ascertained that the cost of replacement windows was at issue for purposes of computing the amount in controversy.

[3]     *See also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation"); *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) ("the test for determining the amount in controversy in a diversity proceeding is the pecuniary result to either party which a judgment would produce") (citation and internal quotation marks omitted); *Ruyle v. Safeco Ins. Co. of America*, --- F. Supp.2d ----, 2009 WL 1867740, *1 (D. Idaho June 29, 2009) ("The sum or amount in controversy is determined by the value of the object plaintiff is seeking ...."); *Fulcrum Financial Advisors, Ltd. v. BCI Aircraft Leasing, Inc.*, 354 F. Supp.2d 817 (N.D. Ill. 2005) (amount in controversy is "whatever is required to satisfy the plaintiff's demand, in full") (citation omitted); *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998) (in assessing amount in controversy, "the ultimate question .. . is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on

-4-

remand unless "the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them." *Lowery*, 483 F.3d at 1211. In this regard, a district court must not "speculate in an attempt to make up for the notice's failings." *Id.* at 1213.

The premise animating plaintiffs' Motion to Remand is that the cost of replacement windows is not at issue in this case because defendant agreed to provide those windows free of charge before suit was filed. If plaintiffs are not attempting to recover the cost of replacement windows in this litigation, and if their compensatory damages are limited to the cost of tear-out and reinstallation, then plaintiffs are correct that the $75,000 jurisdictional minimum is not satisfied. But plaintiffs' own conduct unequivocally establishes that the cost of replacement windows <u>is</u> at issue here. McCollough has demanded that Marvin provide replacement windows. Marvin has not done so. The cost of replacement windows is a logical component of damages with respect to McCollough's breach of contract, breach of warranty and fraud claims, and nothing in the Complaint would exclude that category of damages. More importantly, following entry of the remand order in Civil No. 09-0310-WS-B, McCollough has specifically sought judicial involvement to force Marvin to provide such windows. Given that plaintiffs are plainly seeking both replacement windows and the costs of installing same from Marvin, and have asked the state court to force Marvin to provide such replacement windows, it is simply counterfactual for plaintiffs to contend that the provision of new windows is not at issue in this case.

Plaintiffs' reasoning is apparently that the cost of replacement windows is not a *bona fide* contested element of damages here because Marvin entered into a binding agreement to provide them and lacks a valid reason for shirking this obligation. But Marvin denies that any such agreement was reached and, evidently, denies that it is obligated under any legal theory to provide such windows. Although plaintiffs would apparently invite it to do so, the Court cannot and will not evaluate the merits of plaintiffs' claim for replacement windows antecedent to determining whether subject matter jurisdiction exists. Simply put, plaintiffs say defendant owes them replacement windows. Defendant says it does not. Plaintiffs have petitioned a court in this lawsuit to order defendant to provide those windows. Under any reasonable viewing of these

a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite").

facts, the value of those replacement windows is part of the "amount in controversy" in this litigation and must be considered in calculating the § 1332 jurisdictional amount.  It is readily deducible from the parties' filings that, when aggregating the cost of replacement windows and the cost of tear-out and reinstallation, the compensatory damages sought by McCollough exceed $75,000; therefore, the Court concludes that the jurisdictional amount in controversy is satisfied by a preponderance of the evidence.  It also being apparent that there is diversity of citizenship between plaintiffs and defendant, the prerequisites for diversity jurisdiction are satisfied, and defendant properly removed this action pursuant to 28 U.S.C. §§ 1332 and 1446.

**III.   Conclusion.**

For all of the foregoing reasons, the Motion to Remand (doc. 4) is **denied**.[4]

DONE and ORDERED this 29th day of October, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4]     To the extent that plaintiffs intend to petition this Court (as they did the state court) for an order specifically enforcing their purported partial settlement agreement, they may do so.  However, plaintiffs' position that a "settlement agreement" exists appears highly suspect.  Nothing in the correspondence provided as exhibits to the Motion to Remand suggests that any agreement was ever forged between the parties that would resolve this dispute in part or in full.  Indeed, the last letters exchanged between counsel in April 2009, shortly before litigation commenced, appear to show that no agreement on anything had been reached.  Moreover, the Court questions how any representation by Marvin to provide replacement windows could satisfy fundamental principles of contract formation (including, most notably, consideration) in the absence of any promise by McCollough to do or to refrain from doing anything in exchange for those windows.  Plaintiffs seem to be suggesting that their "agreement" was that Marvin would give plaintiffs new windows at no charge, after which plaintiffs remained free to sue Marvin for anything they wished.  That does not sound like a settlement agreement, or a contract of any stripe.  Finally, to the extent that plaintiffs wish to proceed on the estoppel theory to which their brief alludes (*i.e.*, that Marvin is estopped from denying an obligation to furnish the replacement windows to plaintiffs because it offered to provide same in pre-litigation settlement discussions), plaintiffs are expected to back up that contention with supporting legal authorities and application of the doctrine of estoppel.  Plaintiffs should also address how the correspondence on which they rely for their estoppel argument would even be admissible to show Marvin's liability for the windows in light of Rule 408(a), Fed.R.Evid.