IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| McCOLLOUGH ENTERPRISES, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 09-0573-WS-B |
| MARVIN WINDOWS & DOORS, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

This action comes before the Court on plaintiffs' latest Motion for Remand (doc. 7). Because the Motion suffers from (and does not address) a pronounced legal defect, the Court takes it under submission without entry of a full briefing schedule.

This cases arises from a commercial dispute between plaintiffs, McCollough Enterprises, LLC and Dr. E. Gaylon McCollough (collectively, "McCollough"), and defendant, Marvin Windows & Doors ("Marvin"), concerning allegedly defective windows supplied by Marvin to McCollough. On September 2, 2009, Marvin removed this action from state court for the second time (it had previously been removed and remanded), predicating federal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. McCollough promptly moved to remand the action to state court, on the ground that the amount-in-controversy requirement of § 1332 was not satisfied. On October 29, 2009, the undersigned entered an Order (doc. 7) denying the motion to remand, finding that plaintiffs' own conduct established that the damages they sought included both the cost of replacement windows (estimated at more than $56,000) and removal and installation charges (ranging from $54,000 to $58,000) for those windows. In briefing that motion to remand, McCollough never suggested that those valuations were inaccurate for the windows, removal and installation charges.[1]

---

[1] Rather, McCollough's basis for seeking remand was its theory that the cost of replacement windows should be excluded from the amount in controversy because Marvin had
(Continued)

Now, some 13 months after this action was removed and nearly a year after denial of their earlier motion to remand, with defendant's motion for summary judgment pending, plaintiffs filed a new Motion to Remand, again on the ground that the jurisdictional amount is lacking. In support of this Motion, plaintiffs state that, rather than replacement of 91 windows as they had initially demanded, they now only request replacement of 19 windows, resulting in a significant reduction in the value of plaintiffs' claims and the damages they are requesting from defendant.[2] Make no mistake: This development marks a substantial change in the damages sought by plaintiffs. For example, in the parties' Rule 26(f) Report filed on December 29, 2009, McCollough represented that plaintiffs' damages were $165,000, including $56,000 for replacement windows and $58,000 for "replacement construction cost." (Doc. 10, ¶ 5.C.) Similarly, plaintiffs' September 2009 motion to remand made clear that they wished to replace all the windows, given plaintiffs' evidence that the cost of tear-out and installation was estimated at $54,000 - $58,000. (Doc. 4, ¶ 8; Sted McCollough Aff. (doc. 4-1), at 1; Harris Aff. (doc. 4-1), at 1.) Using plaintiffs' own $600/unit rule of thumb, it is evident that plaintiffs were claiming as damages the tear-out/installation costs for all 91 windows when this case was removed last September.

In its Motion to Remand, McCollough does not suggest that it was never seeking roughly $114,000 in damages for replacement windows, tear-out and construction costs. Instead,

---

agreed to provide them, such that those replacement windows (which had never been provided and which McCollough sought to force Marvin to provide) were not truly in controversy. In rejecting this strained argument, the Court explained as follows: "Simply put, plaintiffs say defendant owes them replacement windows. Defendant says it does not. Plaintiffs have petitioned a court in this lawsuit to order defendant to provide those windows. Under any reasonable viewing of these facts, the value of those replacement windows is part of the 'amount in controversy' in this litigation and must be considered in calculating the § 1332 jurisdictional amount." (Doc. 7, at 5-6.)

[2] As plaintiff Dr. McCollough explains, the damages figures at the start of this litigation were "for the cost of all ninety-one (91) windows in the McCollough Institute. Through the course of this case, we now know that only nineteen (19) windows have rot." (McCollough Aff., at 1.) Plaintiffs represent that the cost of replacement windows is approximately $1,000 per unit, and tear-out/replacement costs are approximately $600 per unit (doc. 21, ¶¶ 4-5); therefore, the total monetary damages sought by plaintiffs are now in the vicinity of $30,000 (19 x $1,600), and well below the $75,000 jurisdictional minimum.

McCollough states that, following removal and while preparing for trial, plaintiffs have learned that not all 91 windows are damaged, and that in fact just 19 of those windows need to be replaced. What this means is that the scope of plaintiffs' claims, and the extent of the damages they seek, have changed following removal. Whereas plaintiffs were claiming $114,000+ in damages when this case was removed more than a year ago, now they are only claiming approximately $30,000 in damages based on their own revelations about the extent of needed window replacement.

These circumstances cannot support a viable motion to remand. After all, it is black letter law that "[t]he existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). In that regard, the Eleventh Circuit has repeatedly held that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) ("*Poore* is overruled to the extent we held that remand for lack of subject matter jurisdiction pursuant to § 1447(c) is reviewable if it is based on a post-removal amendment to the complaint."); *see also The Burt Co. v. Clarendon Nat'l Ins. Co.*, 2010 WL 2616868, *1 (11th Cir. July 1, 2010) ("[E]vents occurring after removal, … which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction."). Thus, where plaintiffs challenge the amount in controversy prong of diversity jurisdiction, "we note that for purposes of this challenge … the critical time is the date of removal …. If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002); *see also Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp.2d 1329, 1334 (M.D. Ala. 2008) ("Where, as here, the plaintiff after removal … reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.") (citations and internal quotation marks omitted). Plaintiffs' Motion to Remand does not acknowledge this well-entrenched line of binding authority, much less distinguish or rebut it.

The circumstances here are simple: At the time of removal, plaintiffs were claiming damages in excess of $75,000 based on their belief that all 91 windows at the McCollough

Institute required replacement.  Thus, removal was proper and § 1332 jurisdiction lies, as this Court previously found in its Order of October 29, 2009.  As this litigation wore on post-removal, however, plaintiffs changed their minds and decided that only 19 of the 91 windows actually need to be replaced.  Upon recognizing this fact, plaintiffs lowered their monetary sights considerably, dropping their "hard" damages sought from $114,000 to just $30,000.  This post-removal change in plaintiffs' demand takes the amount in controversy well below the $75,000 threshold required for § 1332 jurisdiction to attach, but it cannot and does not divest this District Court of subject-matter jurisdiction, pursuant to well-settled Eleventh Circuit law.  Plaintiffs do not say that they were <u>never</u> claiming $75,000+ in damages (nor could they reasonably do so given, for example, their Rule 26(f) Report statement of damages), but instead say that they revised their damages claim below $75,000 well after removal based on subsequent information that only 19 of the 91 windows are rotted.

Because jurisdiction was proper on the date of removal, and because plaintiffs' post-removal revision of the damages they claim is an event devoid of jurisdictional significance, plaintiffs' latest Motion for Remand (doc. 21) is **denied**.

DONE and ORDERED this 8th day of October, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE